UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GAYLA FRANCIS,<br><br>     Plaintiff,<br><br>v<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>     Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

GAYLA FRANCIS ("Plaintiff"), by and through her attorney, ANGELA K. TROCCOLI, ESQUIRE and KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Bristol, Connecticut.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a corporation with its principal place of business located at 140 Corporate Boulevard in Norfolk, Virginia, 23502.

9. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all relevant times herein, Defendant was attempting to collect an alleged consumer debt and contacted Plaintiff in its attempts to collect that debt.

12. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by her, could have only arisen from financial obligations primarily for personal, family, or household purposes.

13. Between April 2015 and July 2015, if not before, Defendant continuously and repeatedly called Plaintiff on her home telephone and cellular telephone.

14. Upon information and belief, the debt was beyond the applicable statute of limitations.

15. Defendant was made aware that the calls were unwelcome and to stop.

16. Defendant placed calls to Plaintiff from a number including, but not limited to (731) 256-6444.  The undersigned has confirmed this number belongs to Defendant.

17. Frustrated by the repeated calls and lack of information, Plaintiff terminated her home telephone service. Calls to the cell phone continued.

18. Defendant threatened Plaintiff by stating if the debt remained unpaid the account would be credit reported. To the best of Plaintiff's knowledge, Defendant's threat was not carried out, indicating that it had not intention to do so and/or lacked legal ability to do so.

19. Most recently, Defendant called Plaintiff on her cellular telephone within the month of July 2015.

20. Defendant's actions as described herein were taken with the intent to abuse, harass, and deceive Plaintiff.

## COUNT I
### DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

21. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

22. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

23. Defendant violated §§ 1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff's telephone number.

## COUNT II
## DEFENDANT VIOLATED §§ 1692e and e(5) OF THE FDCPA

24. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

25. A debt collector violates § 1692e(5) by making a threat of action it does not intend to take or legally can't take.

26. Here, Defendant violated §§ 1692e and 1692e(5) of the FDCPA by threatening to report the debt on Plaintiff's credit report when it had no intention of doing so.

WHEREFORE, Plaintiff, GAYLA FRANCIS, respectfully prays for judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);
   d. Any other relief deemed fair and proper by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GAYLA FRANCIS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

GAYLA FRANCIS
By her Attorney,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: October 29, 2015